This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Thomas Holmes ("Holmes"), appeals his convictions in the Lorain County Court of Common Pleas. We affirm.
 I.
On February 6, 2001, Holmes was indicted on one count of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2), one count of felonious assault, one count of domestic violence, in violation of R.C. 2919.25(A), and one count of intimidation, in violation of R.C. 2921.04(B). He entered a plea of not guilty on all counts. The matter proceeded to a jury trial on February 12 and 13, 2001, where the jury found Holmes guilty on all counts. The trial court sentenced Holmes accordingly.
This appeal followed.
 II.
Holmes raises two assignments of error.
 Assignment of Error No. One THE TRIAL COURT ERRED WHEN IT SENTENCED THIS APPELLANT TO SERVE THREE CONSECUTIVE SENTENCES OF SIX YEARS PLUS A THREE-YEAR GUN SPECIFICATION FOR COUNT ONE, FELONIOUS ASSAULT WITH A FIREARM SPECIFICATION, AND EIGHT YEARS FOR COUNT TWO, FELONIOUS ASSAULT, AND FIVE YEARS FOR COUNT FOUR, INTIMIDATION. THE TRIAL COURT SENTENCED THIS FIRST TIME FELONY OFFENDER TO SERVE A TOTAL OF TWENTY-TWO YEARS OF INCARCERATION WITHOUT FOLLOWING THE THREE-TIERED ANALYSES ON THE RECORD AS REQUIRED BY R.C. 2929.19(B).
In his first assignment of error, Holmes argues that the trial court erred in sentencing him to consecutive sentences on the charges of felonious assault with a firearm specification, felonious assault, and intimidation, without following the three-tiered analysis mandated in R.C. 2929.19(B). In essence, Holmes claims the trial court failed to make the requisite findings on the record before it imposed consecutive sentences, in accordance with R.C. 2929.19(B)(2) and R.C. 2929.14(E)(4).
When a trial court is required to make findings pursuant to R.C.2929.14(E)(4) and fails to state the required findings on the record, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1). The trial court may impose consecutive sentences when the court finds consecutive sentences are necessary to protect the public or to punish the offender, provided that the sentences are not disproportionate to both the seriousness of the defendant's conduct and to the danger posed to the public. R.C. 2929.14(E)(4). The court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4). Moreover, when a trial court does impose consecutive sentences, it must state on the record its reasons for doing so. R.C.2929.19(B)(2)(c); State v. Jones (2001), 93 Ohio St.3d 391, 399. This court has held that the trial court's findings need not be in the transcript of the sentencing hearing, as long as the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4.
In this case, the trial court imposed consecutive sentences on three charges, felonious assault with a firearm specification, felonious assault, and intimidation. In its journal entry, the trial court stated that it found consecutive sentences to be necessary in order to protect the public from future crime or to punish Holmes. It further found that the consecutive sentences were not disproportionate both to the seriousness of Holmes' conduct and to the danger he posed to the public. The court also found that Holmes committed these offenses while he was under a community sanction and that the harm caused was so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct. Thus, the trial court made all the requisite findings pursuant to R.C. 2929.19(B) and R.C. 2929.14(E)(4).
Holmes' first assignment of error is overruled.
 Assignment of Error No. Two THE TRIAL COURT ABUSED ITS DISCRETION UNDER THE PROVISIONS OF R.C. 2929.14(A)(B) BY SENTENCING THE APPELLANT, A FIRST TIME OFFENDER TO THREE MAXIMUM SENTENCES, EIGHT YEARS ON COUNT TWO, FELONIOUS ASSAULT, TWELVE MONTHS ON COUNT THREE, DOMESTIC VIOLENCE AND THE MAXIMUM [SENTENCE] OF FIVE YEARS FOR COUNT FOUR, INTIMIDATION.
In his second assignment of error, Holmes asserts that the trial court erred in sentencing him to the maximum sentences on the charges of felonious assault, domestic violence, and intimidation. Holmes also argues that the trial court erred when it did not sentence him to the minimum sentences authorized by R.C. 2929.14(B). We disagree.
An appellate court may remand a matter on appeal for resentencing if it finds that the trial court clearly and convincingly acted contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
R.C. 2929.14(B) provides guidance in sentencing an offender who has not served a previous prison term. It states:
 if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B).
With respect to the imposition of maximum sentences, the trial court may impose maximum prison terms upon offenders falling into one of the following four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C.2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C. 2929.19(B)(2)(d) also requires that when a court imposes the maximum sentence pursuant to R.C. 2929.14(A), the court must specify its reasons for its decision. In interpreting this statute, the Ohio Supreme Court held that if a court imposes the maximum sentence for an offense, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999), 86 Ohio St.3d 324,329. This court has held that the trial court's findings need not be in the transcript of the sentencing hearing, as long as the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4.
In this case, the trial court's journal entry stated that the shortest prison term would demean the seriousness of the defendant's conduct and would not adequately protect the public from future crime by the defendant or others. Thus, the trial court stated the necessary findings on the record as required in order to impose a sentence other than the statutory minimum.
In reference to Holmes' maximum sentences, the journal entry relates that Holmes committed the worst forms of the offenses of felonious assault, domestic violence, and intimidation. It further stated that Holmes poses a great likelihood of recidivism. Therefore, the trial court correctly stated its reasons for imposing maximum sentences for these charges.
The trial court did not err in sentencing Holmes to maximum sentences. The court made all the requisite findings on the record in order to impose maximum sentences and those that are longer than the statutory minimum. Therefore, Holmes second assignment of error is overruled.
 III.
Having overruled both of Holmes' assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.